UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FERNANDO MARTINEZ, *individually and on behalf of all others similarly situated*; and PATRICE NORWOOD, *individually and on behalf of all others similarly situated*,

                                        Plaintiffs,

                    -v.-

DANIEL H. COOK ASSOCIATES INC.,

                                        Defendant.

26 Civ. 487 (KPF)

---

ERNEST FONG, *individually and on behalf of all others similarly situated*,

                                        Plaintiff,

                    -v.-

DANIEL H. COOK ASSOCIATES INC.,

                                        Defendant.

26 Civ. 602 (KPF)

---

KAVON SMITH, *individually and on behalf of all others similarly situated*,

                                        Plaintiff,

                    -v.-

DANIEL H. COOK ASSOCIATES INC.,

                                        Defendant.

26 Civ. 648 (KPF)

---

KATHERINE POLK FAILLA, District Judge:

On January 23, 2026, the Court received the motion of Plaintiffs

Fernando Martinez, Patrice Norwood, and Ernest Fong to consolidate Case No.

26 Civ. 487 and Case No. 26 Civ. 602 and to appoint interim co-lead class counsel in Case No. 26 Civ. 487, the first of three putative class actions filed against Defendant Daniel H. Cook Associates Inc. based on the same alleged data breach.  (Case No. 26 Civ. 487, Dkt. #5).  On January 27, 2026, this Court accepted the second case, Case No. 26 Civ. 602, as related to the first-filed Case No. 26 Civ. 487.  (Case No. 26 Civ. 602, January 27, 2026 Minute Entry).  On January 29, 2026, this Court accepted the third case, Case No. 26 Civ. 648 as related as well.  (Case No. 26 Civ. 648, January 29, 2026 Minute Entry).  The motion for consolidation and appointment of interim co-lead class counsel does not mention this third case.  (*See* Case No. 26 Civ. 487, Dkt. #5).  For the reasons set forth below, the Court grants the motion in part and denies the motion in part.

*First*, the Court GRANTS the motion to consolidate Case No. 26 Civ. 487 and Case No. 26 Civ. 602 under Case No. 26 Civ. 487.  The Court also ORDERS *sua sponte* that Case No. 26 Civ. 648 is likewise consolidated under Case No. 26 Civ. 487.  Federal Rule of Civil Procedure 42(b)(2) allows federal district courts to consolidate actions if they "involve a common question of law or fact."  Here, the Court exercises its discretion to consolidate the above-captioned actions and any future related actions based on the same alleged data breach because each of the actions arises from the same nucleus of operative facts.  The Court determines that consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.  In addition, the

2

Court notes that Defendant does not oppose consolidation (although it has not yet appeared in any of the three actions).

*Second*, the Court DENIES the motion to appoint interim co-lead class counsel without prejudice to its renewal at the initial pretrial conference. The Court harbors concerns that such appointment will result in duplicative efforts and inefficient use of counsel's resources. Although the Court recognizes that the brief in support of the motion for consolidation and appointment of interim co-lead class counsel anticipates and addresses this concern (Dkt. #5 at 13-15), Plaintiff's counsel in the third-filed action, Case No. 26 Civ. 648, has not been consulted, as far as the Court is aware. The Court appreciates counsel's anticipatory thinking and looks forward to discussing the issue further at the initial pretrial conference.

It is hereby ORDERED that counsel for all parties appear for an initial pretrial conference with the Court on **February 19, 2026**, at **10:00 a.m.**, in Courtroom 618 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

All counsel are required to register promptly as filing users on ECF. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. Counsel are further required to review and comply with the Court's Individual Rules of Practice in Civil Cases ("Individual Rules") available at https://nysd.uscourts.gov/hon-katherine-polk-failla.

Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a

3

Federal Rule of Civil Procedure 16 conference.  In *lieu* of the standard Proposed

Civil Case Management Plan called for by the Court's Individual Rules, the

parties are hereby ORDERED to file by ECF and to submit via e-mail

(Failla_NYSDChambers@nysd.uscourts.gov) a Proposed Stipulation to Set

Scheduling Deadlines setting forth (i) protocols for docketing in this matter and

(ii) a schedule for the filing of a consolidated amended class action complaint

and Defendant's answer or other response, as well as a briefing schedule

should Defendant respond by way of motion.  Accordingly, Defendant's

deadline to answer, move, or otherwise respond to the complaints in the above-

captioned cases is hereby STAYED until the Court has set this schedule.  Any

other open legal issues can also be addressed at the conference.

   IT IS FURTHER ORDERED that included with the Proposed Stipulation,

the parties jointly submit a letter, not to exceed five pages, providing the

following information in separate paragraphs:

(i)     A brief statement of the nature of the action, the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion;

(ii)    A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g., Handelsman* v. *Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(iii)   A statement of all existing deadlines, due dates, and/or cut-off dates;

4

(iv)     A brief description of any outstanding motions;

(v)      A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(vi)     A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

(vii)    Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is sent prior to the date of the conference via e-mail to the Orders and Judgments Clerk at the following e-mail address: judgments@nysd.uscourts.gov.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter and must be received at least 48 hours before the deadline or conference.  The written submission must state (i) the original date(s); (ii) the number of previous requests for adjournment or extension; (iii) whether these previous requests were granted or denied; (iv) the reason for the current request; and (v) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

Counsel who have noticed an appearance as of the issuance of this Order are directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this Order and the Court's Individual Rules

5

forthwith, and (ii) to file proof of such notice with the Court.  If unaware of the identity of counsel for any of the parties, counsel receiving this Order must forthwith send a copy of this order and the Court's Individual Rules to that party personally.

*The Court schedules initial pretrial conferences with the expectation that one or more of the parties would like an in-person opportunity to bring matters to the Court's attention, and it welcomes that opportunity. However, the Court recognizes that in certain circumstances — as, for example, where the parties are in agreement about the proposed discovery schedule and have no issues to raise with the Court — such conferences may represent less-efficient uses of the parties' time and resources. If the parties agree on a schedule that calls for the close of all discovery within six months, and have no other issues to raise with the Court, the parties can, if they wish, submit a Proposed Civil Case Management Plan and Scheduling Order and request in their joint letter that the initial pretrial conference be cancelled. The Court will ordinarily grant such requests.*

The Clerk of Court is directed to consolidate the above-captioned actions and any future related actions based on the same alleged data breach under Case No. 26 Civ. 487, and to modify the caption of that case to read "*In re Daniel H. Cook Associates Data Breach Litigation.*"  The Clerk of Court is further directed to terminate the pending motion at docket entry 5 in Case No. 26 Civ. 487 and to administratively close Case No. 26 Civ. 602 and Case No. 26 Civ. 648.

SO ORDERED.

Dated:   January 30, 2026
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

7